CHIEF JUSTICE GRAY,
dissenting.
¶83 I, too, respectfully dissent from the Court’s determination on the jury instruction issue. Consequently, I would reverse and remand for a new trial and not reach the other issues raised in this appeal.
¶84 My rationale with regard to the instructional error is more direct than Justice Nelson’s. Reading Instructions 6 through 8 together, I conclude that the error in Instruction 7 is the inclusion of the word “the” in front of the words “negligent actions.” That one small word, in my view, constitutes sufficient prejudice to entitle English to a new trial.
¶85 As the Court discusses, Instruction 6 advises the jury that a necessary element of the offense is that the defendant acted negligently. Instruction 8 defines “negligently.” Instruction 7 advises that intoxication is not a necessary element of the offense of negligent homicide, but can be considered by the jury. Had Instruction 7 said “[ijntoxication is a factor to be considered in determining whether the death of Wilma Nielsen was caused by negligent actions of James English[,]” followed by Instruction 8, defining negligently, the instructions would not have been erroneous. While I agree with the Court that the instructions-taken as a whole-did not expressly direct the jury to assume English was negligent, it is my view that Instruction 6 at least likely caused substantial confusion to the jury.
¶86 I would reverse on the instruction issue and remand for a new trial on the negligent homicide offense. I dissent from the Court’s failure to do so.